IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALVADOR SANDOVAL-OCHOA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING LEAVE TO FILE AMENDED § 2255 MOTION, AND NOTICE**<br><br>Civil No. 2:16-CV-1052-DN<br>(Crim. No. 2:15-CR-91-DN)<br><br>District Judge David Nuffer |

Petitioner Salvador Sandoval-Ochoa requests the appointment of counsel in this case brought under 28 U.S.C. § 2255.[1] There is no constitutional or statutory right to the appointment of counsel in § 2255 proceedings, unless an evidentiary hearing is held.[2] Nevertheless, counsel may be appointed when "the interests of justice so require" for a "financially eligible person" seeking relief under § 2255.[3]

After review and consideration of Mr. Sandoval-Ochoa's filings, justice does not require the appointment of counsel at this time. It is yet unclear that Mr. Sandoval-Ochoa has asserted any colorable basis for relief from his sentence. Mr. Sandoval-Ochoa, through his filing,[4] has also shown an "ability to investigate the facts necessary for [the] issues and to articulate them in

---

[1] Petitioner's Motion Seeking Appointment of Counsel, Pursuant to Title 18 U.S.C. § 3006A, and Petitioner Preserves the Johnson Case for Future Litigation 135 S.Ct. 2551 (2015), docket no. 1, filed June 27, 2016.

[2] *Paul v. United States*, 2006 WL 314563, *1 (D. Utah Feb. 9, 2006); Rules Governing Section 2255 Proceedings for the United States District Courts 8(c).

[3] 18 U.S.C. 3006A(a)(2)(B).

[4] Petitioner's Motion Seeking Appointment of Counsel, Pursuant to Title 18 U.S.C. § 3006A, and Petitioner Preserves the Johnson Case for Future Litigation 135 S.Ct. 2551 (2015), docket no. 1, filed June 27, 2016.

a meaningful fashion."[5] Additionally, the issues Mr. Sandoval-Ochoa raises appear to be "straightforward and not so complex as to require counsel's assistance."[6] Therefore, Mr. Sandoval-Ochoa's request for the appointment of counsel[7] is DENIED. However, if it later appears that counsel may be needed or of specific help, an attorney will be appointed to appear on Mr. Sandoval-Ochoa's behalf.

Mr. Sandoval-Ochoa also requests leave to file an amended § 2255 motion[8] raising a claim for relief based on the United States Supreme Court's opinion in *Johnson v. United States*.[9] Given that Mr. Sandoval-Ochoa's filing[10] does not comply with the pleading requirements for a § 2255 motion,[11] it is appropriate that his request for leave to file an amended § 2255 motion[12] be GRANTED.

## ORDER

IT IS HEREBY ORDERED that Mr. Sandoval-Ochoa's request for the appointment of counsel[13] is DENIED. However, if it later appears that counsel may be needed or of specific help, an attorney will be appointed to appear on Mr. Sandoval-Ochoa's behalf.

---

[5] *United States v. Lewis*, 1998 WL 1054227, *3 (D. Kan. Dec. 9, 1998); *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

[6] *Lewis*, 1998 WL 1054227, *3; *Oliver*, 961 F.2d at 1343.

[7] Petitioner's Motion Seeking Appointment of Counsel, Pursuant to Title 18 U.S.C. § 3006A, and Petitioner Preserves the Johnson Case for Future Litigation 135 S.Ct. 2551 (2015), docket no. 1, filed June 27, 2016.

[8] *Id*.

[9] 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

[10] Petitioner's Motion Seeking Appointment of Counsel, Pursuant to Title 18 U.S.C. § 3006A, and Petitioner Preserves the Johnson Case for Future Litigation 135 S.Ct. 2551 (2015), docket no. 1, filed June 27, 2016.

[11] Rules Governing Section 2255 Proceedings for the United States District Courts 2, 3.

[12] Petitioner's Motion Seeking Appointment of Counsel, Pursuant to Title 18 U.S.C. § 3006A, and Petitioner Preserves the Johnson Case for Future Litigation 135 S.Ct. 2551 (2015), docket no. 1, filed June 27, 2016.

[13] *Id*.

IT IS FURTHER HEREBY ORDERED that Mr. Sandoval-Ochoa's request for leave to file an amended § 2255 motion[14] raising a claim for relief based on the United States Supreme Court's opinion in *Johnson*[15] is GRANTED. Mr. Sandoval-Ochoa must file his amended § 2255 motion by no later than May 12, 2017.

**NOTICE**

NOTICE IS HEREBY GIVEN that on March 6, 2017, the United States Supreme Court issued its decision in *Beckles v. United States*.[16] In *Beckles*,[17] the Supreme Court addressed whether the analysis of *Johnson*[18] and *Welch v. United States*[19] apply to render the residual clause of USSG § 4B1.2(a), defining "crime of violence," unconstitutionally vague. The Supreme Court concluded that it did not, holding that "the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause and that [USSG] § 4B1.2(a)'s residual clause is not void for vagueness."[20]

Mr. Sandoval-Ochoa is encouraged to review the *Beckles*[21] decision and determine its applicability to the claim for relief he intends to include in his amended § 2255 motion. If, after reviewing the *Beckles*[22] decision, Mr. Sandoval-Ochoa believes his intended claim is without merit, he may file a notice of voluntarily dismissal of this case. Otherwise, he may proceed with the filing of his amended § 2255 motion. However, Mr. Sandoval-Ochoa is cautioned that if he

---

[14] *Id*.

[15] 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

[16] 137 S.Ct. 886 (2017).

[17] *Id*.

[18] 135 S.Ct. 2551.

[19] 136 S.Ct. 1257.

[20] 137 S.Ct. at 895.

[21] *Id*.

[22] *Id*.

files the amended § 2255 motion, and it is dismissed on its merits, any "second or successive [§ 2255] motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[23]

Signed April 13, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[23] 28 U.S.C. § 2255(h); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts 9.